**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ALBERTO D. PALACIOS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASHLEY GLOBAL RETAIL, LLC,**<br><br>**Defendant.** | **Civil Action No. 3:24-cv-1469**<br><br>**JURY TRIAL DEMANDED**<br><br>**NOTICE OF REMOVAL**<br><br>Removed From:<br>Superior Court of<br>Judicial District of Bridgeport<br>at Bridgeport |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

PLEASE TAKE NOTICE that Defendant ASHLEY GLOBAL RETAIL, LLC ("Defendant"), by and through its attorneys, hereby removes the above-captioned action from the Superior Court of Connecticut, Bridgeport Judicial District at Bridgeport (Docket No. FBT-CV24-6137266-S) to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, Defendant states the following:

1. Plaintiff ALBERTO D. PALACIOS ("Plaintiff") brought an action against Defendant in the Superior Court of the State of Connecticut, Judicial District of Bridgeport at Bridgeport by service of a Summons and Complaint, dated August 2, 2024 ("Complaint").

2. The Complaint asserts claims against Defendant sounding in negligence and vicarious liability for negligence of its employee/agent which allegedly caused injury and resulting damages claimed by Plaintiff.

3. Plaintiff served a copy of the Summons and Complaint upon Defendant on or about August 12, 2024 through service on Corporation Service Corp. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. The foregoing constitutes all the pleadings in this action and all process related to Defendant.

4. Defendant believes that Plaintiff's claims against it are without merit.

5. Defendant has not made any filings in the state court action.

6. This Notice of Removal is being filed in the United States District Court for the District of Connecticut, the district in which the case is pending.

7. This Notice of Removal is being filed within thirty (30) days of the Defendant's receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States and the amount in controversy, upon information and belief, exceeds the sum or value of $75,000, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

9. Plaintiff, at all times material hereto, is/was a citizen of Connecticut, and resided in and/or was domiciled in Norwalk, Fairfield County, Connecticut, with an intent to stay. (*See* Ex. A, Summons and Complaint, ¶ 1).

10. Defendant Ashley Global Retail, LLC ("AGR") has citizenship diverse to the Fairfield County, Connecticut residing and domiciled Plaintiff. Specifically, AGR is incorporated in Wisconsin with its principal place of business is in Wisconsin and Florida. The sole member of AGR is Ashley Holdings, Inc. ("AHI"). AHI is a holding company, and is a citizen of both Florida and Wisconsin because AHI has its principal place of business in Wisconsin and its board meetings are held in Florida.

11. AGR, however, was improperly named as a defendant, and thus has no relevance to diversity jurisdiction.

12. The properly named Ashley entity that may be liable for the claims alleged in Plaintiff's Complaint is Ashley Distribution Services, Ltd. ("ADS"). ADS is incorporated in Wisconsin, with its principal place of business in Wisconsin.

13. Accordingly, because Plaintiff is a citizen of Connecticut, and does not share citizenship with Defendant, the parties are of diverse citizenship pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

14. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

15. In the Complaint, Plaintiff alleges he suffered a direct physical and mental injury by virtue of a large box striking Plaintiff in his head and/or neck area. (Ex. A at ¶ 8).

16. Plaintiff alleges he is due for past and future medical care and attention, he will be prevented from carrying on his normal activities and enjoying his life, and he has sustained lost earnings and a permanent loss of earning capacity. (Ex. A at ¶ 12).

17. The Statement of Amount in Demand asserts that the amount demanded exceeds $15,000. (Ex. A at ¶ 7). Aside from allegation, the Complaint does not include a specific monetary demand or specific amounts for any of the various types of alleged damages that he contends were caused by Defendant.

18. Upon information and belief, however, Plaintiff's request for actual damages, however, together with her demand for statutory damages, punitive damages, and attorneys' fees, puts the amount in controversy in excess of $75,000.00.

## NON-WAIVER OF DEFENSES

19. By filing this Notice of Removal, Defendant does not waive any available defenses, including, but not limited to, personal jurisdiction or venue. *Fleming v. ISCO Indus., Inc.*, No. 3:17-CV-648 (VAB), 2018 WL 1141358, at *6 (D. Conn. Mar. 2, 2018), aff'd, 750 F. App'x 62 (2d Cir. 2019) (stating party's removal of a case to federal court does not waive 12(b)(6) defenses (citing *Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996)).

## CONCLUSION

20. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) complete diversity exists between Plaintiff, a citizen of Connecticut, and Defendant, a citizen of Wisconsin; (2) upon information and belief the amount in controversy exceeds $75,000; and (3) all other requirements for removal have been satisfied.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been served on Defendant are attached to this Notice.

22. Pursuant to 28 U.S.C. § 1446(d), this Notice will be sent to all parties. Defendant is also concurrently filing a copy of this Notice of Removal, along with a "Notice of Filing Notice of Removal" with the Clerk of the Superior Court of Connecticut, Judicial District of Bridgeport, at Bridgeport (FBT-CV24-6137266-S).

WHEREFORE, Defendant requests that this action be removed from the Superior Court of Connecticut, Bridgeport Judicial District to the United States District Court for the District of Connecticut.

THE DEFENDANT
ASHLEY GLOBAL RETAIL, LLC

By *\/s/ Steven J. Zakrzewski*

Steven J. Zakrzewski, Esq.
Gordon Rees Scully Mansukhani, LLP
One Financial Plaza, 755 Main Street
Suite 1700
Hartford, Connecticut 06103
Tel: 860-494-7511
Fax: 860-560-0185
szakrzewski@grsm.com

**CERTIFICATE OF SERVICE**

This is to certify that on this ____ day of September, 2024, a copy of the foregoing was sent by electronic mail to the following counsel of record:

Thomas D. Cocco, Esq.
Cocco & Ginsberg, LLC
240 Fairfield Avenue, 3rd Floor
Bridgeport, Connecticut 06604
thomasdcoccoesq@gmail.com
*Counsel for the Plaintiff*

*/s/ Steven J. Zakrzewski*______________
Steven J. Zakrzewski, Esq.