# EXHIBIT A

**RETURN DATE: SEPTEMBER 17, 2024 : SUPERIOR COURT**

**ALBERTO D. PALACIOS : J. D. OF BRIDGEPORT**

**VS. : AT BRIDGEPORT**

**ASHLEY GLOBAL RETAIL, LLC**
**D/B/A ASHLEY FURNITURE : AUGUST 2, 2024**

## COMPLAINT

1. At all times mentioned herein, the Plaintiff, ALBERTO D. PALACIOS (hereinafter referred to as the "PLAINTIFF"), was a resident of Norwalk, Connecticut.

2. At all times mentioned herein the Defendant, ASHLEY GLOBAL RETAIL, LLC d/b/a ASHLEY FURNITURE (hereinafter referred to as the "DEFENDANT"), was a foreign corporation organized and existing under the laws of the State of Connecticut, that owned, maintained, and operated a furniture wholesale/retail business with a principal office address in Tampa, Florida.

3. At all times mentioned herein, the DEFENDANT, its servants, agents and/or employees, held itself out as a retail/wholesale seller of furniture and, upon information and belief, at all times mentioned herein, it was responsible to deliver same to different locations and/or retail furniture stores.

4. At all times mentioned herein, an employee of the DEFENDANT (upon information

and belief said employee of the DEFENDANT was an individual named Greg Caldwell, but it is possible said employee had another name) was employed by and acted as an agent of and under the authority and direction of the DEFENDANT and was employed as a truck driver and/or unloader/mover of furniture.

5. On or about April 4, 2024, at approximately 12:30 p.m. to 12:37 p.m., the PLAINTIFF was working for Rockbottom Furniture & Flooring located at 3 Lois Street, Norwalk, Connecticut and, at said time and place, he was working at or near the rear parking lot at aforesaid location.

6. On afore-mentioned date, and afore-mentioned time and place, an employee of the the DEFENDANT ( believed to be Greg Caldwell, but could have another name), drove to and parked a box truck (on the driver's side of said truck the word "ASHLEY" was clearly displayed) at the aforementioned location. Upon information and belief said "box truck" was loaded with various types of furniture.

7. At said time and place, the PLAINTIFF was standing on the ground in the rear of aforementioned box truck waiting to assist an employee (believed to be Greg Caldwell, but could have another name) of the DEFENDANT with the unloading of a furniture delivery.

8. At said time and place, an employee (believed to be Greg Caldwell, but could have another name) of the DEFENDANT was standing inside the back of the box truck and attempted to

maneuver and/or move a large box that was on top of another very large box when suddenly and without warning said large box (upon information and belief said large box contained a cocktail table), was dislodged and/or fell from an approximate height of ten feet above the ground level, wherein, as aforementioned the PLAINTIFF was standing, and struck the PLAINTIFF in his head and/or neck area with great force and violent impact.

9. The aforesaid dislodging and/or falling of a large box (believed to contain a cocktail table), resulting trauma, damages and injuries sustained by the PLAINTIFF were a proximate and direct result of the negligence and/or carelessness of the DEFENDANT, and/or its employee, (believed to be Greg Caldwell, but could have another name), in one or more of the following respects:

a.. IN THAT, the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), failed to remedy said dangerous condition by placing a hazardous sign near aforementioned rear area of the box truck;

b. IN THAT, the DEFENDANT, and/or its employee, (believed to be Greg Caldwell, but could have another name), failed to use reasonable care when loading the aggregate of large boxes in the rear trailer of the box truck so as to make removal of same efficient and safe;

c. IN THAT, the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), failed to use reasonable care in order to maintain, supervise and

inspect the aggregate storage of large boxes before attempting to move or dislodge any large boxes;

d. IN THAT, the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), failed to give any warning to the PLAINTIFF of the fact that said area was unsafe, dangerous and hazardous;

e. IN THAT, the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), failed and neglected to protect the PLAINTIFF by verbally warning him of a possible dangerous condition;

f. IN THAT, the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), had notice and knowledge or in the exercise of reasonable care and inspection should have had knowledge of the dangerous condition of the aggregate storage of large boxes in the rear of the box truck and failed to remedy same.

10. As a result of the aforesaid negligence and/or carelessness of the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), the PLAINTIFF sustained the following painful, personal injuries, some or all of which will be permanent in nature:

a) thoracic spine fracture;

b) central cord syndrome;

c) severe pain in neck;

d) severe pain in back;

e) underwent surgical intervention: a cervical laminectomy and fusion for central cord syndrome;

f) severe anxiety, emotional stress and depression;

g) severe shock to the nervous system;

h) pain and suffering.

11. As a result of the aforesaid negligence and/or carelessness of the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name) , the PLAINTIFF was and will be in the future forced to expend sums of money for medical care and attention, including, but not limited to, x-rays, hospital and doctor visits, and physical therapy.

12. As a result of the aforesaid negligence and/or carelessness of the DEFENDANT, and/or its employee (believed to be Greg Caldwell, but could have another name), the PLAINTIFF has been and will in the future be prevented from carrying on his normal activities and enjoying his normal pursuits to the extent he was able prior to the occurrence referred hereinbefore.

13. As a further result thereof, the PLAINTIFF sustained and continues to sustain lost earnings and will sustain a permanent loss of earning capacity.

14. Pursuant to the doctrine of Respondeat-Superior, the DEFENDANT is vicariously liable to the PLAINTIFF for the negligence of its employee (believed to be Greg Caldwell, but could have another name).

**WHEREFORE, the PLAINTIFF claims monetary damages within the jurisdiction of the Court.**

**THE PLAINTIFF:**
**ALBERTO D. PALACIOS**

**By: ____________________________**

**THOMAS D. COCCO, ESQ.**
**COCCO & GINSBERG LLC**
**240 Fairfield Avenue, 3rd Floor**
**Bridgeport, CT 06604**
**Juris No.: 433110**
**Tel. No.: (203) 371-7204**

**Please enter the appearance of:**
**THOMAS D. COCCO, ESQ.**
**COCCO & GINSBERG LLC**
**240 Fairfield Avenue, 3rd Floor, Suite 3L**
**Bridgeport, Connecticut 06604, on behalf of the PLAINTIFF in the above-entitled matter.**

____________________________
**Thomas D. Cocco**
**Commissioner of the Superior Court**

| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 17, 2024** | : | **SUPERIOR COURT** |
| **ALBERTO D. PALACIOS** | : | **J. D. OF BRIDGEPORT** |
| **VS.** | : | **AT BRIDGEPORT** |
| **ASHLEY GLOBAL RETAIL, LLC**<br>**D/B/A ASHLEY FURNITURE** | : | **AUGUST 2, 2024** |

**STATEMENT OF AMOUNT IN DEMAND**

Wherefore the PLAINTIFF claims monetary damages. The amount of damages sought is more than Fifteen Thousand ($15,000.00) Dollars exclusive of interest and costs. The relief sought is within the jurisdiction of the Superior Court of the State of Connecticut.

**THE PLAINTIFF:**
**ALBERTO D. PALACIOS**

**By:** ______________________

**THOMAS D. COCCO, ESQ.**
**COCCO & GINSBERG LLC**
**240 Fairfield Avenue, 3rd Floor**
**Bridgeport, CT 06604**
**Juris No.: 433110**
**Tel. No.: (203) 371-7204**